JOHNSON, J.
dissents and assigns reasons.
bln this case, the Plaintiffs challenged the application of a twenty-five percent of fair market value ad valorem tax assessment to their interstate natural gas pipelines, while their intrastate competitors were assessed at only fifteen percent of fair market value. The issue before this Court is whether Louisiana’s ad valorem tax scheme, LSA-R.S. 47:1851, violates the Unites States Constitution’s Commerce Clause since it imposes a higher tax burden on interstate natural gas pipeline companies by assessing their “public service property” at twenty-five percent of the fair market value, while similarly situated intrastate companies are taxed at assessments of fifteen percent of fair market value.
Interstate gas pipeline companies are used to transport natural gas throughout the states. The Federal Energy Regulatory Commission (“FERC”), which is the Jjsuccessor to the Federal Power Commission, regulates the interstate gas pipeline companies. Interstate gas pipeline companies fall within the ambit of the definition of a “pipeline company” under LSA-R.S. 47:1851, which provides that: *218 Since interstate gas pipelines fall within the definition of “pipeline company,” they are then also affected by the definition of “public service properties” in LSA-R.S. 47:1851(M), which provides that:
*217 K. “Pipeline company” means any company that is engaged primarily in the business of transporting oil, natural gas, petroleum products, or other products within, through, into, or from this state, and which is regulated by (1) the Louisiana Public Service Commission, (2) the Interstate Commerce Commission, or (3) the Federal Power Commission, as a “natural gas company” ... because that person is engaged in the transportation of natural gas in interstate commerce, as defined in the Natural Gas Act.
*218 M. “Public service properties” means the immovable, major movable, and other movable property owned or used but not otherwise assessed in this state in the operations of each airline, electric membership corporation, electric power company, express company, gas company, pipeline company, railroad company, telegraph company, telephone company, and water company. For each barge line, towing, and other water transportation company or private car company, only the major movable property owned or used but not locally assessed or otherwise assessed in this state in interstate or interparish operations shall be considered as public service property.
Most intrastate natural gas pipeline companies, who compete with the interstate natural gas pipeline companies to provide natural gas service to Louisiana consumers, are regulated by the Department of Natural Resources, rather than the Louisiana Public Service Commission (“LPSC”). Because they are not regulated by the LPSC, they do not fall within the ambit of the statutory definition of “pipeline company,” and thus, their properties do not fit the definition of “public service properties.”
The interstate natural gas pipeline companies herein paid, under protest, ad valo-rem taxes for 2005-2006 tax year to the parishes where they owned properties, and sued for a refund of a portion of those taxes, arguing in a Motion for Summary | ^Judgment that the Louisiana tax scheme was unconstitutional. The trial court denied Plaintiffs’ claims for a refund, and instead remanded the matter to the Louisiana Tax Commission, holding that Plaintiffs were “entitled to have their property in Louisiana reassessed using the same methodology and calculations as used for their competition,” (the intrastate pipeline companies); and that Plaintiffs are “entitled to be refunded the difference between the amount of tax that they paid for the [tax years at issue] and the new amount found to be due.”
The court of appeal found the trial court’s judgment did not clearly direct whether the Commission or local parish assessors were to perform the reassessment, and amended the language of the trial court’s judgment to remand the matter to the Commission with instructions that the Commission require the parish assessors determine the valuation of Plaintiffs’ public service properties for each year at issue, and calculate ad valorem taxes based on fifteen percent of those assessments. Transcontinental Gas Pipe Line Corp. v. Louisiana Tax Com’n, 05-2604 (La.App. 1 Cir. 3/31/06), 925 So.2d 777, writ denied, 06-0988 (La.9/1/06), 936 So.2d 204.
United States Constitution, Article 1, Section 8, clause 3, the Commerce Clause, authorizes Congress to regulate commerce among the states. The clause not only authorizes Congress to legislate to effect that regulation, but it also has been held to prohibit states from discriminating unjustifiably against, or to unduly burden, interstate commerce. See, Oregon Waste Systems, Inc. v. Dept. of Environmental Quality of State of Oregon, 511 U.S. 93, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994). A state tax may be determined to discriminate against interstate if it: 1) is “facially” discriminatory; 2) has a discriminatory intent; or 3) has the effect of unduly burdening interstate commerce, even if nei *219 ther 1) nor 2) is present. Amerada Hess Corp. v. Director, Division of Taxation, New Jersey Dept of Treas., 490 U.S. 66, 109 S.Ct. 1617, 104 L.Ed.2d 58 (1989).
In my view, Louisiana’s ad valorem tax scheme facially discriminates against interstate natural gas pipeline transportation companies in violation of the Commerce Clause. Under the plain language of the Louisiana statute, it is impossible for an interstate company to benefit from the more favorable fifteen percent tax rate that applies to some, but not all, intrastate pipeline companies. This is not merely an incidental effect. The disparate assessment percentage applied to the property of the interstate gas companies results in higher taxes for interstate gas companies than the amounts charged to competing intrastate pipelines. This disparate tax treatment violates the Commerce Clause, and results in a competitive advantage for intrastate companies. Since the two categories of pipelines directly compete, this discriminatory scheme imposes an undue burden on interstate commerce and violates the Commerce Clause.